UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAVIER AGUILA, | No. CV 17-01592-VBF (DFM) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| NEIL MCDOWELL, | |
| Respondent. | |

On February 28, 2017, Javier Aguila ("Petitioner") initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction. See Dkt. 1 ("Petition"). For the reasons discussed below, Petitioner is ORDERED TO SHOW CAUSE in writing within 28 days of the service of this Order why the instant petition should not dismissed with prejudice because it is time-barred. It appears that Petitioner also has not exhausted state remedies as to at least one of his grounds for relief.

///

///

///

### A. State Court Proceedings

According to the Superior Court of California, County of Santa Barbara website, Petitioner's challenged conviction occurred in September 2009. See Superior Court of California, County of Santa Barbara, Civil Index, http://www.sbcourts.org/os/ind/court-index.php ("SBSC Civil Index") (No. 1307613); see also Petition at 2.[1] The state appellate court affirmed his conviction in June 2011. See California Courts, Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov ("Appellate Cts. Case Information") (No. B221017). The California Supreme Court denied review on September 14, 2011. See id. (No. S195251). Petitioner does not appear to have filed a petition for writ of certiorari with the United States Supreme Court. See Petition at 5.

On November 19, 2012, Petitioner filed a state petition for writ of habeas corpus in the Superior Court for the County of Santa Barbara. See SBSC Civil Index (No. 1432063). The state trial court appears to have denied that petition on January 22, 2013. See id. On December 11, 2012, during the pendency of Petitioner's state petition for writ of habeas corpus, Petitioner filed a federal petition for writ of habeas corpus in this Court. See Aguila v. Long, No. 12-10624, Dkt. 1 (C.D. Cal. Dec. 11, 2012). This Court dismissed Petitioner's federal petition on March 1, 2013, without prejudice, on grounds that Petitioner failed to exhaust his state court remedies. See id., Dkt. 6.

On April 18, 2016, Petitioner filed another state petition for writ of habeas corpus in the Superior Court for the County of Santa Barbara. See SBSC Civil Index (No. 1501020). That petition appears to have been denied on August 26, 2016. See id. Petitioner then filed a petition for writ of habeas

---

[1] All citations to the Petition use the CM/ECF pagination.

corpus on September 15, 2016, in the California Court of Appeal, which denied that petition on October 13, 2016. See Appellate Cts. Case Information (No. B277628). On December 9, 2016, Petitioner filed a further petition for writ of habeas corpus in the California Supreme Court. See id. (No. S238858). California's high court denied that petition on February 1, 2017. See id.

**B.      Timeliness of the Petition**

**1.      The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The California Supreme Court denied Petitioner's petition for review on September 14, 2011. See Appellate Cts. Case Information (No. S195251). Petitioner does not appear to have filed a petition for writ of certiorari in the United States Supreme Court. See Petition at 5. Thus, his conviction became final 90 days later, on December 13, 2011. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). If the Court assumes December 13, 2011, is the date Petitioner's limitation period began to run, Petitioner had one year from the date his judgment became final, or until December 13, 2012, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until February 28, 2017, over four years too late. The Petition is thus facially untimely.

### 2. The Petition Does Not Entitle Petitioner to Any Later Trigger Date

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under 28 U.S.C. §§ 2244(d)(1)(B), (C), or (D). He does not assert that he was impeded from filing his federal petition by unconstitutional state action. See 28 U.S.C. § 2244(d)(1)(B). Nor are his claims based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See id. § 2244(d)(1)(C). Finally, Petitioner has been long aware of the underlying factual predicates of his claim—i.e., the content of witness testimony at trial, the prosecutor's alleged misconduct, the ineffectiveness of his trial and appellate counsel, and the jurors' conduct at trial. See Petition at 5-7; 28 U.S.C. § 2244(d)(1)(D); Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when he realized their "legal significance"). Petitioner is thus not entitled any later trigger date under 28 U.S.C. § 2244(d)(1).

### 3. The Petition Does Not Suggest Entitlement to Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state

habeas petitions, as long as that period is "reasonable." Id. Periods of up to 60 days are generally presumptively reasonable. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding unexplained six-month delay unreasonable compared to "short periods of time," such as 30 to 60 days, "that most States provide for filing an appeal to the state supreme court" (alteration omitted)). The limitations period is not tolled under 28 U.S.C. § 2244(d) while a petition is pending in federal court. See Duncan v. Walker, 533 U.S. 167, 181-82 (2002).

As previously discussed, Petitioner's limitation period began running on December 13, 2011, when Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A). On November 19, 2012, Petitioner filed his first state habeas corpus petition in Santa Barbara Superior Court, which appears to have denied that petition on January 22, 2013. See SBSC Civil Index (No. 1432063). Assuming Petitioner is entitled to statutory tolling for the entire 64-day period from November 19, 2012 to January 22, 2013, the AEDPA limitation period was extended to February 15, 2013.[2]

Petitioner filed his second state habeas corpus petition on April 18, 2016. See SBSC Civil Index (No. 1501020). This 3-year gap between the Santa Barbara Superior Court's denial of Petitioner's first habeas corpus petition and Petitioner's filing of his second habeas corpus petition substantially exceeds the 30 to 60 days the Supreme Court has identified as a "reasonable" gap for tolling. See Evans 546 U.S. at 201 (refusing to apply tolling to an unexplained 6-month gap). Absent any explanation for the long delay, Petitioner is not entitled to gap tolling for that period or to any additional statutory tolling. See Stewart v. Cate, 757 F.3d 929, 935-37 (9th Cir. 2014) (as amended)

---

[2] Petitioner's December 11, 2012, filing of his first federal petition for habeas corpus in this Court did not toll his AEDPA limitations period. See Duncan, 533 U.S. at 181-82.

5

(unexplained 100-day gap unreasonable); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

**4.   Equitable Tolling**

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented his timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Ninth Circuit has noted that its "sparing application of the doctrine of equitable tolling" is consistent with the Pace standard. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Thus, "[t]he petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).

"Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted, alteration in original). Consequently, equitable tolling is justified in few cases. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). The petitioner bears the burden of demonstrating by a preponderance of the evidence that AEDPA's limitation period should be equitably tolled. See Pace, 544 U.S. at 418; Holt v. Frink, No. 15-01302, 2016 WL 125509, at *4 (N.D. Cal. Jan. 12, 2016) (collecting cases).

Here, Petitioner has not addressed his failure to file in a timely manner or contended that he took any action before the AEDPA limitation period expired. Thus, Petitioner fails to demonstrate that he pursued his rights

diligently.

C. **Exhaustion**

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[3] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). The petitioner must reference specific provisions of the federal constitution, a federal statute or federal case law. See Robinson v. Schriro, 595 F.3d 1086, 1101 (9th Cir. 2010). Mere mention of the Constitution, or broad constitutional principles such as due process, equal protection, and the right to a fair trial, is insufficient. See Fields v. Waddington, 401 F.3d 1018, 1021 (9th Cir. 2005).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise

---

[3] 28 U.S.C. § 2254(b)(1) provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

7

the failure to exhaust issue <u>sua sponte</u> and may summarily dismiss on that ground. See <u>Stone v. San Francisco</u>, 968 F.2d 850, 856 (9th Cir. 1992); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also <u>Granberry v. Greer</u>, 481 U.S. 129, 134-35 (1987).

The Petition raises five claims: (1) denial of due process and a fair trial; (2) prosecutorial misconduct; (3) ineffective assistance of trial counsel; (4) ineffective assistance of appellate counsel; and (5) juror misconduct. See Petition at 5-7.

It appears that Ground 5 has not been exhausted in state court. Petitioner admits that Ground 5 was not previously presented to the California Supreme Court because his "friend told [him] that if [he] sent too many papers . . . probably the Judge is not going to read it." Petition at 7. Petitioner's inclusion of Ground Five thus renders the Petition "mixed," containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See <u>Lundy</u>, 455 U.S. at 522; see also <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991) (explaining that "state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); <u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989) (finding that prisoner's "habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims").

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust any unexhausted claims. See <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005). For a <u>Rhines</u> stay, the petitioner must show (1) good cause for his failure to earlier exhaust the claim in state court, (2) that the unexhausted claim is not "plainly meritless," and (3) that he has not engaged in "abusive litigation tactics or intentional delay." <u>Id.</u> at 277-78.

The Supreme Court has not precisely defined what constitutes "good

cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017); Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982. It is unclear from the face of the Petition whether Petitioner can meet the Rhines requirements, and in any event he has not requested a stay of these proceedings.

IT THEREFORE IS ORDERED that within 28 days of the service of this Order, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is time-barred. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649. He may submit any other evidence he deems appropriate to support his claim for tolling.

Further, within 28 days of the service of this Order, Petitioner is ordered to do one of the following:

(1) file a formal stay-and-abey motion if he believes he can make the required showings under Rhines;

(2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1);

(3) request that Ground Five of the Petition be dismissed and that he be allowed to either proceed on the exhausted claims or seek a stay of the then fully exhausted Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)

9

(allowing for stays of fully exhausted federal petitions without showing of good cause), overruling on other grounds recognized by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), with the understanding that he will be allowed to amend any newly exhausted claims back into the Petition only if the claims are timely or "relate back" to any original timely, exhausted claims, see Mayle v. Felix, 545 U.S. 644, 664 (2005); or

    (4)    show cause in writing why this action should not be dismissed without prejudice for failure to exhaust state remedies.

**Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.**

Dated: August 3, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge